**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CLASSIC HOTELS, LLC, OCEAN HOSPITALITY,**
**LLC, COASTAL HOSPITALITY LLC, FOREST**                         **PLAINTIFFS**
**HOSPITALITY, LLC, AND JACKSON**
**DOWNTOWN HOTELS, LLC**

**v.**                                          **CIVIL ACTION NO. 1:24-CV-00213-TBM-RPM**

**UNITED STATES SMALL BUSINESS**
**ADMINISTRATION, ISABELLA CASILLAS**
**GUZMAN, IN HER OFFICIAL CAPACITY AS**
**ADMINISTRATOR OF THE SMALL BUSINESS**
**ADMINISTRATION; JANET YELLEN, IN HER**
**OFFICIAL CAPACITY AS UNITED STATES**
**SECRETARY OF TREASURY; AND THE**
**UNITED STATES DEPARTMENT OF JUSTICE;**
**ATTORNEY GENERAL MERRICK GARLAND**                              **DEFENDANTS**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**RESPONSE IN OPPOSITION TO MOTION TO STAY**

**INTRODUCTION**

Defendants' Motion to Stay [ECF 12] should be denied.  Defendants allege that the benefits

of a stay in this case outweigh the potential burdens of a delay, and that a stay best serves the

interest of judicial economy and efficiency.  However, both notions are incorrect.

First, the benefits of a stay do not outweigh the potential burdens of a delay, as Plaintiffs

have suffered, and continue to suffer, the enduring effects of Defendants' delay in providing

certainty to Plaintiffs relating to Plaintiffs' application for Paycheck Protection Program ("PPP")

loans and forgiveness, receipt of PPP loans, and use of PPP loan proceeds.  It is only because of

Defendants' nearly three years of delay, non-responsiveness, and snail-paced investigation that

Plaintiffs were forced to seek relief from an unbiased, independent arbiter – an Article III judge –

in Plaintiffs' own judicial district, asking the court to declare what the law is, not what Defendants

wish it to be. During this period, Plaintiffs have suffered an unimaginable loss of credibility,

47272472.1

- 2 -

damage to their name, reputation and brand, diminution of their credit worthiness, and being questioned by others as to their character.  Defendants, on the other hand, throughout this almost three-year period, have sought to slow walk the requested relief from Plaintiffs, similar to their current motion for stay, as Defendants suffer no harm in this strategy.

Second, a stay in this matter would not serve the interest of judicial economy and efficiency, as no time or expense will be saved by staying the instant case pending potential rulings from other judicial districts relating to Defendants' motions to transfer cases filed by separate Plaintiffs in those districts. On the contrary, the cost of litigation and judicial resources required will remain unchanged as the Court will have to review the PPP Loan and loan forgiveness documentation for each separate Plaintiff regardless of whether the cases are transferred or not. Given that Plaintiffs have already spent years and countless resources trying to receive the relief requested in its Complaint, further delay is inappropriate and harmful to Plaintiffs.

**ARGUMENT**

The Federal Rule of Civil Procedure do not expressly provide for a stay of proceedings. Rather, a stay of proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006). When deciding whether to stay a case, courts generally balance "the competing interests which will be affected by the granting or refusal to grant a stay, including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Chapman v. Allstate Prop. & Cas. Ins. Co.*, No. 3:16-CV-613-DPJ-FKB, 2017 WL 7795113,

- 2 -

at *1 (S.D. Miss. Mar. 28, 2017). In all cases, "the supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Alford v. Moulder*, No. 3:16-CV-350-CWR-LRA, 2016 WL 6088489, at *1 (S.D. Miss. Oct. 17, 2016) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)). Here, with already occurred and continued certain harm to Plaintiffs' interests, Defendants have failed to make a "clear case of hardship." Because the equities favor proceeding in this matter, the Court should deny the stay.

### A. Delaying This Case is Harmful to the Interests of Plaintiffs.

Plaintiffs' Complaint is an action for a declaratory judgment, a request for certainty from the Courts, regarding the Defendants' PPP loan program, where Plaintiffs applied for and received PPP loans and loan proceeds and where Plaintiffs also applied for, and some Plaintiffs received, PPP loan forgiveness. Plaintiffs are entities established, doing business, and employing people in the Southern District of Mississippi.

On July 10, 2024, after almost three years of being investigated by Defendant DOJ for alleged violations of the False Claims Act, receiving no final decision from Defendant SBA relating to Plaintiffs' appeal of Defendant SBA's denial of its second draw loan forgiveness applications, and Plaintiffs suffering unimaginable losses of credibility, damage to their name, reputation and brand, a diminution of their credit worthiness, and being questioned by others as to their character, Plaintiffs were left with no choice but to file this action in an effort to receive the relief they have been entitled to all along.

Unsurprisingly, Defendants' Motion to Stay is another attempt to slow walk the simple relief that Plaintiffs seek, a sad continuation of Defendants' ongoing delay of certainty for Plaintiffs, all the while Plaintiffs are left without resolution relating to its Second Draw PPP loans

47272472.1

and the uncertainty stemming from a government investigation relating to its eligibility and use of PPP loan process, thus severely and negatively impacting Plaintiffs' credit worthiness, reputation, and its ability to continue providing much needed jobs and services to its community.

Defendants very briefly and summarily assert that the benefits of a stay in this case outweigh the potential burdens of delay because "the cases filed by the affiliated plaintiffs involve virtually identical claims, and they seek identical relief . . ."[1]  According to the Defendants, this case should be stayed because Defendants (represented by the local U.S. Attorney in other, respective judicial districts) have filed motions to transfer cases from those other judicial districts to the Southern District of Mississippi, with the intent of having the actions consolidated. While Defendants have filed motions to stay in other cases concerning separate, non-Southern-District-of-Mississippi Plaintiffs, Defendants argument wrongly assumes that those motions to transfer will be meritorious. Defendants' argument is based on a motion to consolidate that has yet to be filed. Courts do not "stay proceedings based upon self-serving assertion[s] that Defendants' yet-filed motion will be meritorious." *Consumer Fin. Prot. Bureau v. All Am. Check Cashing, Inc.*, No. 3:16-CV-356-WHB-JCG, 2017 WL 11687979, at *2 (S.D. Miss. May 10, 2017), *objections overruled*, No. 3:16-CV-356-WHB-JCG, 2017 WL 11687937 (S.D. Miss. June 28, 2017).

In light of Defendants' hypothetical, yet-to-materialize, hoped-for transfer of cases to and "consolidation" in this Court, which Plaintiffs will oppose, the harm to Plaintiffs is very much outweighed by the benefit of a any stay.  "Plaintiffs have a legitimate interest in the expeditious resolution of their case." *Thomas v. City of Benoit, Mississippi*, No. 418CV00115GHDJMV, 2018 WL 5284615, at *3 (N.D. Miss. Oct. 24, 2018). Any delay caused by a stay would not only prevent Plaintiffs' right to an expeditious resolution of their case, but also would prolong the relief

---

[1] ECF 13, Defendants' Memorandum in Support of Stay, at 4.

47272472.1

Plaintiffs have been requesting from the Defendants for over three years, all while Plaintiffs must continue to bear the burden of the financial implications and reputational harm that exist and are perpetuated by Defendants' intransigence. As such, the substantial financial and concrete reputational harm to Plaintiffs greatly outweighs and any potential benefit to a stay in this matter.

**B.      A Stay of Proceedings Will Not Simplify This Matter and Does Not Conserve Judicial Resources.**

Defendants argue that it "intends to file dispositive motions in this case based on the same defense and arguments Defendants intend to raise in response to the affiliated cases" and, as such, "[t]he interests of judicial economy and efficient would be best served if these motions were filed one time, after any cases are transferred to this Court, as opposed to individually as each case is transferred."[2]

Again, Defendants are assuming, without any support, that "the affiliated cases" will be transferred and ask this Court to stay proceedings based on hypotheticals. Defendants and this Court are not harmed by Defendants moving forward in regular order and in due time, just as other litigants are required to do, to defend this matter, capitulate to Plaintiffs, or settle this matter. Judicial resources are not wasted or otherwise squandered by Defendants filing whatever motions they believe are dispositive and this Court considering same.

In addition, the scope and complexity of this litigation will not be simplified by staying the proceedings, as the instant case requires separate discovery, separate trial and separate remedies, and involves distinct entities, proof, and testimony. Irrespective of various determinations regarding motions to transfer filed by separate Plaintiffs in other judicial district, and Defendants' hypothetical "motion to consolidate," the trial and remedy in this case will remain distinct from

---

[2] ECF 13, Defendants' Memorandum in Support of Stay, at 5.

- 5 -

47272472.1

those matters because the claims and relief requested arise from separate facts and separate Plaintiffs.

This case involves Plaintiffs incorporated, operating, employing and serving the Southern District of Mississippi, while other cases which have been filed in other jurisdictions involve different Plaintiffs, different documents, different evidence and different proof to substantiate those claims for relief, as well as different witnesses who reside outside the Southern District of Mississippi. Given that the litigation in this case will be distinct, Defendants cannot show a "clear case of hardship or inequity" absent a stay.

Federal courts "have a 'virtually unflagging obligation … to exercise the jurisdiction given them,' even if this results in seemingly wasteful duplicative litigation." *Saucier v. Aviva & Annuity Co.*, 701 F.3d 458 (5th Cir. 2012) (citation omitted). While Defendants may argue that proceeding in the instant case is seemingly wasteful duplicative litigation, it is not.  Judicial resources and interest of judicial efficiencies and economy are not harmed or wasted by Defendants having to proceed in regular order with this case, including filing whatever "dispositive motions" Defendants seeks to file.  In addition, this case requires its own proof, evidence, documentation, witnesses, and trial, thus arguing in favor of regular order in proceeding with the instant case in this court. As such, because Defendants have failed to show how granting a stay in this matter will simply the matter or conserve judicial resources, Defendants' request for stay must be denied.

47272472.1

- 7 -

**Request for Relief**

For these reasons, Defendants' Motion to Stay [ECF 12] should be denied.

This the 29th day of October, 2024.

Respectfully submitted,

BY:   */s/ D. Michael Hurst, Jr.*
D. Michael Hurst, Jr., MB# 99990
Nash E. Gilmore, MB# 105554
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: 601-352-2300
Facsimile: 601-360-9777
mike.hurst@phelps.com
nash.gilmore@phelps.com

Arthur F. Jernigan, Jr. MSB#3092
Jernigan Copeland Attorneys PLLC
970 Ebenezer Blvd.
Madison, Ms. 39110
601-427-0021
ajernigan@jcalawfirm.com

*Attorneys for Plaintiffs*

- 7 -

47272472.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sent notice of filing to the following:

United States Small Business Administration
409 3rd Street, SW
Washington, DC 20024

The Honorable Janet Yellen
United States Secretary of Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

The Honorable Isabella Casillas Guzman
Administrator of the Small Business Administration
409 3rd Street, SW
Washington, DC 20024

The United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

The Honorable Merrick Garland
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

The Honorable Todd Gee
United States Attorney
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201

*s/ D. Michael Hurst, Jr.*
D MICHAEL HURST JR.

- 8 -

47272472.1