IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

CLASSIC HOTELS, LLC, OCEAN HOSPITALITY,
LLC, COASTAL HOSPITALITY, LLC, FOREST
HOSPITALITY, LLC, AND JACKSON
DOWNTOWN HOTELS, LLC                                    PLAINTIFFS


v.                                    Civil Action No. 1:24-cv-213-TBM-RPM


UNITED STATES SMALL BUSINESS
ADMINISTRATION, ISABELLA CASILLAS
GUZMAN, IN HER OFFICAL CAPACITY AS
ADMINISTRATOR OF THE SMALL BUSINESS
ADMINISTRATION; JANET YELLEN, IN HER
OFFICIAL CAPACITY AS THE UNITED STATES
SECRETARY OF TREASURY;  AND THE
UNITED STATES DEPARTMENT OF JUSTICE;
ATTORNEY GENERAL MERRICK GARLAND                       DEFENDANTS


## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

## INTRODUCTION

The issue before the court is one of comity, judicial economy, and the need to

avoid wasteful piecemeal litigation.

Plaintiffs chose to file seven nearly identical lawsuits across seven different

judicial districts, all in the single effort to stop a civil fraud investigation being handled

by the U.S. Attorney's Office in the Southern District of Mississippi. In light of these

multiple, overlapping lawsuits involving affiliated entities with common ownership, all

subject to the same investigation, the United States[1] is seeking to transfer the other lawsuits into this District so that one court – not seven – will decide the case. Such transfers are consistent with the first-filed rule – Plaintiffs first filed in Mississippi – and consistent with established Fifth Circuit case law favoring a single court deciding overlapping, substantially similar issues presented in different cases.

To avoid duplication and piecemeal litigation, this Court should stay this lawsuit pending the other district courts' considerations to transfer the overlapping, substantially similar lawsuits to this District.  Once transferred, the United States will move to consolidate the actions so that they may be heard consistent with Fifth Circuit law under the first-filed rule.

**ARGUMENT IN REPLY**

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (5th Cir. 1997) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).  'The 'first to file' rule is grounded in principles of comity and sound judicial administration." *Save Power*, 121 F.3d at 950. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister

---

[1] For ease of reference, "the United States" refers to all of the Defendants collectively.

courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (quotation omitted).

In this case, Plaintiffs filed seven different lawsuits (including this one) involving affiliated entities all subject to the same civil investigation that Plaintiffs wish to stop through declaratory action. *See Defendants' Memorandum in Support of Motion to Stay* (ECF No. 13) at pp. 2-4. As the United States explained in its opening brief, all of the other lawsuits are an attempt to enjoin an investigation being handled by the U.S. Attorney's Office in the Southern District of Mississippi. Because the seven lawsuits involve affiliated plaintiffs with common ownership, all seeking nearly identical relief, the United States has sought to transfer the related lawsuits into the Southern District of Mississippi so that one court can handle the case. Awaiting these transfers, the United States submits a stay in these proceedings is in the interest of judicial economy and efficiency.

In opposing this motion, Plaintiffs argue they seek an "expeditious resolution" of their effort to enjoin the investigation. *See Plaintiffs' Response* (ECF No. 18) at pp. 4-5. But Plaintiffs never explain why they shopped these same claims across multiple judicial forums. Moreover, Plaintiffs baselessly claim they were forced to seek relief from an "unbiased, independent arbiter" but fail to note they actually are seeking relief from *seven* different arbiters, all with different timetables, all potentially reaching different legal conclusions on the same issues.

Plaintiffs never address the risks and problems inherent in potentially inconsistent legal rulings across the seven different districts. Plaintiffs wrongly assert they seek "separate remedies" in their lawsuits but, in fact, the similarities and substantial overlap of the affiliated entities' claims has already been established in the United States' *Memorandum in Support of the Motion to Stay* (*see* ECF No. 13 at pp. 2-4) and has been extensively detailed in the related motions to transfer. *See, e.g., United States' Motion Stay, Transfer, or for an Extension of Time in which to Answer* filed in the Middle District of Alabama, attached as Exh. "A" at pp. 3-11.[2]

There is no reason to believe there will be undue delay in the other district courts resolving the motions to transfer. For example, in the Middle District of Alabama the district court has already entered an order requiring Plaintiffs to show cause by November 12 as to why the motion to transfer should not be granted. *See* Text Order 37, *United States v. United States Small Business Administration, et. al.*, No. 1:24-cv-00408-SMD (MDAL).

Plaintiffs created the jurisdictional problem they seek to avoid. If Plaintiffs had filed these claims in the single district handling the investigation, this matter could proceed "expeditiously" as Plaintiffs claim to want. They chose not to do so.

This Court has discretion to stay these proceedings pending resolution of the

---

[2] Due to the size of the exhibits referenced in the motion (more than 200 pages), they are not included here.

transfer motions in other districts. *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 243 (5th Cir. 2009) (quotation omitted). One court should resolve these claims, consistent with the Fifth Circuit's approval of the first-filed rule in deciding overlapping, substantially similar claims by affiliated entities. *See Save Power Ltd., supra.*

## CONCLUSION

A stay in this matter is appropriate. Plaintiffs chose to seek the same relief across seven different judicial districts. Under the first-filed rule, the appropriate district to consider these claims is in the Southern District of Mississippi where the relief was first sought and where the investigation Plaintiffs wish to stop is being handled by the SDMS U.S. Attorney's Office.

For these reasons, the United States respectfully requests the Court stay these proceedings pending resolution of the related transfer motions to this district.

Dated: November 5, 2024

Respectfully submitted,

Todd W. Gee
United States Attorney

By:  GREGG MAYER
Assistant United States Attorney
MS Bar No. 102232
United States Attorney's Office
Southern District of Mississippi
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone:   (601) 973-2877

Facsimile: (601) 965-4032
Email: Gregg.Mayer@usdoj.gov
*Attorney for Defendants*


## CERTIFICATE OF SERVICE

I, Gregg Mayer, Assistant United States Attorney, hereby certify that, on this day,

I electronically filed the foregoing with the Clerk of Court using the CM/ECF system,

which sent notification to all counsel of record.


Date:  November 5, 2024                         */s/ Gregg Mayer*
                                                Assistant United States Attorney